The Quaker Oats Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

The Quaker Oats Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 1, 1982, to President Judge CRUMLISH, JR. and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Michael T. Welch,* with him *Norman I. White,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 11, 1982:

These two cases, in which the Unemployment Compensation Board of Review granted benefits to claimants Marie L. Martin and Stephen E. Cassell for claim weeks ending August 25 through September 15, 1979, while a strike was in progress, must be remanded for findings and reconsideration.

In both cases, the only decisional basis stated by the referee, and adopted by the board, was that the legal issues and facts "are substantially the same as those involved in the claim of Helen C. Newmayer. ..." However, in the Newmayer case, the record and the findings established that the same employer, Quaker Oats Company, laid off employee Newmayer on August 17, the Friday before the strike began on August 20, and then sought to recall her to work on September 4, during the strike; despite her refusal to return, the board held her to be eligible, finding the offered work not to be suitable under Section 402(a) of the Unemployment Compensation Law,[1] in

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

view of Section 4(t)'s declaration that a position vacant because of a strike does not constitute suitable work.[2]

In contrast, the present claimants, according to the record, were not laid off before the strike but initially failed to report for work on August 20, the strike's first day. That crucial distinction means that there is no evidence to support the summary finding of similarity of facts, quoted above.

Therefore, we remand both of these cases with directions that the board, with the taking of additional evidence if necessary, shall reconsider them pursuant to the making of specific findings concerning these claimants' eligibility under Section 402(d),[3] considering the cause of claimants' unemployment and their relationship to the strike and union, as well as any other pertinent factors and provisions of law.

ORDER IN 1089 C.D. 1980

Now, March 11, 1982, the decision of the Unemployment Compensation Board of Review at No. B-182977, Marie L. Martin, dated April 8, 1980, is hereby reversed, and the case is remanded for findings and reconsideration in accordance with the opinion of this court.

ORDER IN 1090 C.D. 1980

Now, March 11, 1982, the decision of the Unemployment Compensation Board of Review at No. B-182978, Stephen E. Cassell, dated April 8, 1980, is hereby reversed, and the case is remanded for findings and reconsideration in accordance with the opinion of this court.

---

[2] 43 P.S. §753(t).

[3] 43 P.S. §802(d).

### Amended Order in 1089 C.D. 1980

The order filed March 11, 1982 is hereby vacated and amended to read as follows:

Now, March 15, 1982, the decision of the Unemployment Compensation Board of Review at No. B-182978, Marie L. Martin, dated April 8, 1980, is hereby reversed, and the case is remanded for findings and reconsideration in accordance with the opinion of this court.

### Amended Order in 1090 C.D. 1980

The order dated March 11, 1982 is hereby vacated and amended to read as follows:

Now, March 15, 1982, the decision of the Unemployment Compensation Board of Review at No. B-182977, Stephen E. Cassell, dated April 8, 1980, is hereby reversed, and the case is remanded for findings and reconsideration in accordance with the opinion of this court.